CLD-424                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1407
_____

DALE A. THOMAS,
                                        Appellant

v.

STANLEY COOPERSMITH, Chief of Police; DALE STEIGERWALT, Police Officer;
ELLIS PYSHER, Police Officer; DAVID MARINO, Police Officer;
MANDY LOHMAN, Police Officer; CRYSTAL HAPPEL, Police Officer;
RYAN VRESICS, Police Officer
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-11-cv-07578)
District Judge Honorable Jan E. DuBois
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2016

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 12, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellant Dale Thomas ("Thomas") appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his civil rights case. As the appeal does not present a substantial question, we will summarily affirm the District Court's decision.

## I.

Because we write primarily for the parties, we will briefly recount only those facts that are necessary. Thomas's appeal stems from a feud with his former next-door neighbor, Alvera Flyte ("Flyte"). Over a period of twelve years, Flyte called the Bushkill Township Police Department ("BTPD") over eighty times, and Thomas responded in kind a handful of times. See Dkt. # 93, pg. 5, ¶ 15; dkt. # 95, deposition transcript pages ("TP") 23-24, 47. The resulting police reports and Thomas's own testimony made clear that Thomas regularly spoke with BTPD officers as the result of these calls, and that on some occasions the BTPD officers left without speaking to Thomas at all. Flyte's complaints resulted in six citations being issued to Thomas; he was found guilty of four of them, dispositions that were affirmed on appeal.[1] See Dkt. # 93, pgs. 5-6, ¶¶ 17-19.

In December 2011, Thomas filed a pro se complaint in the District Court, which he twice amended. He named the Bushkill Chief of Police and a number of officers as defendants. The District Court construed Thomas's amended complaint to include, inter

---

constitute binding precedent.

[1] Two of these citations were for violating the Bushkill noise ordinance. See dkt. # 95, TP at 124-25.

alia, (1) Fourteenth Amendment class-of-one claims and (2) Fourteenth Amendment selective-enforcement claims regarding Bushkill's noise ordinance. At the close of discovery, the defendants filed motions for summary judgment and the matter was fully briefed. Thomas sought further discovery, and to compel sanctions against the defendants to bring them into compliance with discovery. In a January 2016 opinion, the District Court denied Thomas's requests for further discovery and sanctions, and granted the defendants' motions for summary judgment. The District Court held that Thomas had failed to produce evidence sufficient for a reasonable jury to return a verdict on his selective enforcement and class-of-one claims. Thomas timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment.[2] See Wiest v. Tyco Elecs. Corp., 812 F.3d 319, 327-28 (3d Cir. 2016). A district court may grant summary judgment only when the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Fed. R. Civ. P. Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

_____

[2] We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477

U.S. 317, 322 (1986). "Credibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of the judge."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The role of the judge is to

determine whether there is a "genuine issue for trial." Id. at 249. In order to withstand a

motion for summary judgment, the non-moving party must point to, at a minimum,

specific factual evidence to demonstrate a genuine issue of fact; that is, that a reasonable

jury could return a verdict for that party. Id.; see also Chavarriaga v. N.J. Dep't of Corr.,

806 F.3d 210, 218 (3d Cir. 2015).

III.

The District Court correctly determined that Thomas had failed to demonstrate a

genuine issue of material fact as to his class of one claims. In a class of one claim, a

plaintiff must establish that: "(1) the defendant[s] treated him differently from others

similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational

basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239

(3d Cir. 2006). The Seventh Circuit has held that to survive summary judgment, a

plaintiff must point to evidence showing that an officer who unequally enforces the law is

"motivated by personal animus unrelated to official duties[,]" i.e., for no reason other

than malice.  Hanes v. Zurick, 578 F.3d 491, 494, 495 (7th Cir. 2009); see also Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 142 (2d Cir. 2010).

The District Court correctly determined that Thomas had failed to identify record evidence creating a genuine issue of material fact as to intentional, different treatment. Even assuming that Flyte was similarly situated,[3] both she and Thomas were cited on occasion, and in general, the incident reports showed that the Bushkill police officers talked to both parties, took reports from both parties, and did not issue citations without good cause.  See, e.g., Dkt. # 112 at 14 (Incident Report "IR" 03-1849) (officers spoke with all involved and cleared incident); at 15 (IR 07-2988 (01)) (officers took report from Flyte and cleared incident); 16-17 (IR 08-0583 (01)) (officers took reports from Flyte and Thomas, and cleared scene); 27 (IR 08-0187 (01)) (officer recorded interaction with Thomas, and cleared scene).  The interactions where Thomas was cited similarly did not demonstrate malice or personal animus.  Id. at 23-24 (IR 11-2497 (01) (citation issued for dog barking over 11 minutes); 32-33 (IR 03-3307 (01)) (harassment citation mailed after yelling match).[4]  While Thomas testified at his deposition that unnamed, specific officers had threatened to charge him with disorderly conduct or disturbing the peace, he did not

_____

[3] The District Court cogently explained why she was not "similarly situated."  See Dist. Ct. Op. at 26; see also Wade v. Collier, 783 F.3d 1081, 1089 (7th Cir. 2015).

[4] To the extent that Thomas challenged his state court convictions, any claims predicated on those convictions are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

5

present record evidence to show that the named defendants had done more than warn him.  See Dkt. # 95, TP pg. 39, 50; dkt. # 112 at 27 (IR 08-0187).

Next, the District Court correctly determined that Thomas had failed to demonstrate a genuine issue of material fact as to his selective enforcement claims.  In order to establish a genuine issue of material fact regarding a selective enforcement claim, the non-moving party "must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) that this selective treatment was based on an "unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right."  Dique v. New Jersey State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (internal quotation marks and citations omitted).

To the extent that Thomas brought these selective enforcement claims regarding the noise ordinances, he cannot challenge them as he was convicted, those convictions were affirmed on appeal, and to date they have not been overturned.  See Wallace v. Kato, 548 U.S. 384, 392 (2007); Dique, 603 F.3d at 187-88.  Beyond that, however, Thomas failed to point to record evidence that identified a similarly situated individual (or individuals) who was treated differently from him.  He and Flyte were both cited for harassment, but only he was cited for the noise ordinances; Thomas did not point to evidence that he made noise complaints against her or that anyone else did.  See, e.g., dkt. # 95, TP 47.  Even if he had shown that others were treated differently, he has not pointed to record evidence to support his contention that he was treated differently from Flyte for

6

a discriminatory purpose.  Id. (testifying that he did not bring noise complaints against her).

For the reasons stated above, we will affirm the District Court's judgment.[5]

---

[5] We will affirm the District Court's disposition of Thomas's discovery requests. "We review a district court's ruling regarding the scope and conduct of discovery under an abuse of discretion standard." See, e.g., Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995).  The District Court carefully considered each of Thomas's requests, ordered defendants' counsel to return Thomas's tape, and denied the rest of his requests on reasonable grounds.  We discern no abuse of discretion.